IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD MORALEZ<br>    *Plaintiff,*<br><br>V.<br><br>SHARIF BINALI & LANEWAY<br>TRANSPORT, INC.<br>    *Defendants.* | §<br>§<br>§<br>§     Civil Action No. 1:23-cv-605<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COME NOW Defendants Sharif Binali and Laneway Transport, Inc., (hereinafter "Defendants") and hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Western District of Texas, Austin Division, of the action numbered and styled *Richard Moralez v. Sharif Binali and Laneway Transport, Inc.; Cause No. 23-0696; In the 274th Judicial District Court of Hays County, Texas* (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1. Plaintiff filed suit on or about March 24, 2023. Defendant Sharif Binali was served on or about May 16, 2023. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under 28 U.S.C. § 1446(b).

2. Defendant Laneway Transport, Inc., seeks to remove the matter and is therefore the Removing Defendant. Defendant Sharif Binali consents to the Removal. *See* **Exhibit A**, Consent to Removal.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

3. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of Texas, and no defendant is a citizen of Texas. As a result, complete diversity exists.

4. Plaintiff was a citizen of Williamson County, Texas, at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

5. Defendant Sharif Binali is an individual who is a citizen of Monroe County, New York. Defendant Sharif Binali was at the time this action was commenced and is currently a citizen of the State of New York and no other state.

6. Defendant Laneway Transport, Inc., is a corporation incorporated under the laws of the State of Minnesota having its corporate headquarters and principal place of business in Minnesota. Defendant Laneway Transport, Inc., was at the time this action was commenced, and is currently, a citizen of the State of Minnesota and no other state.

## III.
## AMOUNT IN CONTROVERSY

7. Plaintiff's Petition does specify the amount of actual damages sought by the Plaintiff. It states, "Plaintiff is seeking monetary relief of over $1,000,000." *See* Plaintiff's Original Petition, **Exhibit B**. Therefore, the allegations of harm contained within the Petition make it facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court. The Defendant must assert the amount in controversy in the Notice of Removal. *See* U.S.C. §1446(C)(2)(A). Further, the Defendant must establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. 28 U.S.C. §1446(C)(2)(B). The Defendant may rely on an estimation of damages calculated from the allegations in the

complaint. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *see e.g., Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). If Defendant satisfies its burden and the Plaintiff wants the suit to be remanded to state court, the Plaintiff must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

8. A common-sensical review of the Plaintiff's Petition in the instant case clearly shows that the alleged damages in this case easily exceed $75,000.00. Defendant contends the amount in controversy is in excess of $1,000,000. The Petition shows that Plaintiff was struck by Defendants' tractor-trailer. The Petition alleges Plaintiff suffered damages. *Id*. Plaintiff further seeks recovery for past and future medical expenses, physical pain, mental anguish, physical impairment, lost wages and loss of earning capacity. *Id*.

9. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993).

### IV.
### PROCEDURAL REQUIREMENTS

10. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

11. By virtue of filing this Notice of Removal, the Defendants do not waive their right to assert any motions to transfer venue or dismiss, including Rule 12 Motions, permitted by the applicable Rules of Civil Procedure.

12. All of the papers on file in the State Court case at the time of removal are attached hereto as **Exhibit C**. Those papers include copies of the Court's Docket Sheet and Plaintiff's Petition.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 274th Judicial District Court of Hays County, Texas promptly after the filing of this Notice.

## V.
## JURY DEMAND

15.   Plaintiff did NOT make a demand for a jury trial in State District Court.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 274th Judicial District Court of Hays County, Texas.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:  */s/ Lynn Castagna*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Chuck Shiver
State Bar No. 00792832
Chuck@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

***VIA E-SERVICE***

Israel Medina
Melendez Law Firm PLLC
4100 Duval Rd, Ste 4-104
Austin, TX 78759-4277
israel@melendez-law.com


and in accordance with the Federal Rules of Civil Procedure, on the 30th day of May, 2023.


                                                     */s/Lynn Castagna*
                                                      Lynn S. Castagna